

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 20, 1939

Mr. S. T. Denny
County Auditor
Houston County
Crockett, Texas

Dear Sir:

Opinion No. O-654
Re: Can trial fees provided by Art.
1074, C. C. P., for justices of
the peace be paid into the spe-
cially created funds mentioned,
and how should the justices of
the peace be paid under the facts
set forth?

Your request for an opinion on the above state
question has been received by this office.

Your letter reads in part as follows:

"In Houston County, the County Officers
are on salaries, but the Precinct Officers
are on fees. The County contains eight (8)
Justice Precincts and the Commissioners Court
has passed and entered an order creating a
special fund for each Justice of the Peace,
out of which the Justices are paid their fees
for misdemeanor criminal cases tried and fin-
ally disposed of before them. A separate
fund has been created for each justice of the
Peace, and only that Justice is paid out of
that fund. Into that fund are paid the trial
fees due and payable in that particular Justice
Court, under Article 1074, Vernon's Code Cr.
Proc. (1938 Pocket Part). No other monies are
placed in the special fund, or in any of such
special funds.

"The Justices of the Peace is paid the fees he is entitled to receive under Art. 1052, Code Cr. Proc., as amended, by warrants authorized by the Commissioners Court upon claims filed by the Justices, such warrants being drawn against the particular fund created in the above manner set forth. The Justice of the Peace receives only these warrants for such fees, and the Commissioners Court does not issue him any other warrants or drafts therefor.

"Please advise me (1) whether the trial fees provided by Article 1074 Code Cr. Proc. can lawfully be paid into the specially created funds mentioned above; if not (2) into what fund maintained by the County Treasurer should such trial fees be paid. Also, in what manner and out of what funds are the Justices of the Peace entitled to receive payment for the fees due them under Article 1052 Code Cr. Proc., as amended. Art. 1052 Code Cr. Proc. provides that payments shall be made by draft, implying cash payments, and I shall appreciate being advised on that point."

Article 1074, C. C. P., reads as follows:

"In each case of conviction in a county Court, or a County Court at Law, whether by a jury or by a Court, there shall be taxed against the defendant or against all defendants, when several are held jointly, a trial fee of Five Dollars, the same to be collected and paid over in the same manner as in the case of a jury fee, and in the Justice Court the trial fee shall be the sum of Four Dollars."

Article 1052, C. C. P., reads as follows:

"Three Dollars shall be paid by the county

to the County Judge, or Judge of the Court
at Law, and Two Dollars and fifty cents shall
be paid by the county to the Justice of the
Peace, for each criminal action tried and
finally disposed of before him. Provided,
however, that in all counties having a popu-
lation of 20,000 or less, the Justice of the
Peace shall receive a trial fee of Three
Dollars. Such Judge or Justice shall present
to the Commissioners' Court of his county
at a regular term thereof, a written account
specifying each criminal action in which he
claims such fee, certified by such Judge or
Justice to be correct, and filed with the
County Clerk. The Commissioners' Court shall
approve such account for such amount as they
find to be correct, and order a draft to be
issued upon the County Treasurer in favor
of such Judge or Justice for the amount so
approved. Provided the Commissioners' Court
shall not pay any account or trial fees in
any case tried and in which an acquittal is
had unless the State of Texas was represented
in the trial of said cause by the County
Attorney, or his assistant, Criminal District
Attorney or his assistant, and the certifi-
cate of said Attorney is attached to said
account certifying to the fact that said
cause was tried, and the State of Texas was
represented, and that in his judgment there
was sufficient evidence in said cause to de-
mand a trial of same."

Article 1052, C. C. P., supra, specifically
provides that the county judge, or judge of the court at
law, shall be paid three dollars by the county, for each
criminal action tried and finally disposed of before him,
and such statute further provides that justices of the
peace shall receive two dollars and fifty cents in all
counties having a population in excess of 20,000 and
three dollars in all counties having a population of
20,000 or less for each criminal action tried and finally
disposed of before him, such fees to be paid by the county

when such claims are filed in compliance with said article. This statute imposes an obligation upon the county to pay the fees provided therein for each criminal action tried and finally disposed of before such judge or justice, and the county owes this fee to the judge or justice regardless whether the trial fee as provided by Article 1074, C. C. P., supra, is collected or not.

We think that the contention may properly be raised that the warrants issued to the justices of the peace under the plan set forth in your letter, would soon become worthless or nearly so, and that the justices might be induced to find defendants guilty in order to build up these funds, as the Commissioners' Court does not issue any other warrants or drafts to pay the fees provided by Article 1052, supra. Therefore, the result of the case before the justice of the peace would necessarily affect him as to his personal or pecuniary loss or gain and would be disqualified under article 5, Section 11 of the State Constitution. Also see the case of Ex Parte Kelly, 10 SW 2nd 728.

After a careful search of the statutes and the appellate court decisions, we fail to find any statutory provision or other authority authorizing the Commissioners' Court to create the special fund as mentioned in your inquiry, therefore, the Commissioners' Court would not have the authority to place the trial fees as provided in Article 1074, supra, into these funds.

Article 1074, supra, specifically provides that such trial fees shall be collected and paid over in the same manner as in the case of a jury fee.

You are respectfully advised that it is the opinion of this Department that the trial fees as provided for by Article 1074, supra, must be collected and paid over in the same manner as in the case of a jury fee and that such fees cannot be paid into the specially created fund above mentioned.

You are further advised that the county must

pay the judge or the justice of the peace the fees for each criminal action tried and finally disposed of before him as provided by Article 1052, C. C. P., by draft to be issued upon the county treasury for the amount approved by the Commissioners' Court.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Willi

Ardell Williams
Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS